UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

United States of America                    CV-05-1575 (CPS)

    - against -                             MEMORANDUM OPINION
                                            AND ORDER
Elizabeth L. Hay,

                Defendant.

----------------------------------------X

SIFTON, Chief Judge


    On July 28, 2004, upon her plea of guilty to importing

cocaine into the United States in violation of 21 U.S.C. § 963,

this Court sentenced defendant Elizabeth Hay to 30 months

imprisonment with a recommendation that she be accepted in the

Bureau of Prisons Intensive Confinement Program ("Boot Camp").

Thereafter, the Boot Camp program was terminated. Hay is

currently serving her sentence in a federal prison in Danbury,

Connecticut. Hay filed the present habeas petition pursuant to 28

U.S.C. § 2255 seeking re-sentencing. In the alternative, she

seeks transfer to home confinement or to a halfway house.  For

the reasons that follow, the petition for re-sentencing is

denied, and the petition for transfer is itself ordered

transferred to the United States District Court for the District

of Connecticut.


                          **BACKGROUND**

    The following facts are taken from the submissions of the

parties in connection with this motion. The facts are undisputed.

On March 17, 2004, Petitioner Elizabeth L. Hay pled guilty to conspiring to import cocaine into the United States, in violation of 21 U.S.C. § 963. As part of her plea agreement, Hay agreed not to appeal or otherwise challenge her conviction or sentence if she was sentenced to a term of imprisonment of 63 months or less. At the plea allocution, Magistrate Judge Viktor Pohorelsky emphasized to defendant that if she were sentenced to 63 months imprisonment or less she would not be able to challenge her conviction or sentence. Hay stated that she understood and accepted this waiver.

On July 28, 2004, this Court sentenced Hay to 30 months imprisonment,[1] a three-year term of supervised release, and a $100 special assessment. The Court recommended the boot camp program. However, the Court and defense counsel made clear to Hay and her co-defendant that the decision to accept them into the Boot Camp program was in the sole discretion of the Bureau of Prisons. Moreover, the Court refused to "depart further against the possibility that they won't be admitted to Boot Camp" because the Court believed that a 30 month sentence was appropriate given the seriousness of the offense and the need for deterrence.

The Boot Camp program was thereafter terminated. Hay is

---

[1] The guidelines sentence for Hay was 37-46 months imprisonment. This court departed two levels from Offense Level 21 to Offense Level 19, thus reaching the 30 month period.

currently serving her sentence in a federal prison in Danbury, Connecticut.

Hay did not appeal her conviction or sentence. However, on March 12, 2005, she filed the present petition pursuant to 28 U.S.C. § 2255 seeking a reduced sentence based on the fact that she was recommended for the Boot Camp program, and that program was thereafter terminated.[2] In the alternative, she seeks transfer to home confinement or to a halfway house. For the reasons that follow, the petition for re-sentencing is denied, and the petition for transfer is itself ordered transferred to the United States District Court for the District of Connecticut.

## DISCUSSION

Because the petition was filed *pro se*, the court must give petitioner "every reasonable opportunity to demonstrate a valid complaint," *LaBounty v. Adler*, 933 F.2d 121, 122 (2d Cir.1991), and construe the "*pro se* petitioner's motion liberally in [her] favor." *Vasquez v. United States of America*, 1999 WL 549004, at *2 (S.D.N.Y. 1999); *Haines v. Kerner*, 404 U.S. 519,52-21 (1972); *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999).

Waiver of the right to appeal is enforceable where the waiver was knowing and voluntary. *United States v. Yemitan*, 70

---

[2] Hay's co-defendant, Maia Eubanks, was also sentenced to 30 months imprisonment and recommended for the Boot Camp program. After the Boot Camp program was terminated, Eubanks moved for re-sentencing pursuant to 28 U.S.C. § 2255. That petition was denied on September 13, 2005.

F.3d 746, 747 (2d Cir. 1995). Hay does not dispute that her
waiver was knowing and voluntary. The plea agreement specifically
provided that Hay would not challenge her conviction or sentence
so long as such sentence was 63 months or less. At the plea
proceeding before Magistrate Judge Pohorelsky, Hay again
acknowledged that she waived her right to appeal. This waiver is
enforceable "regardless whether the claim arose before or after
the waiver was entered." *Garcia-Santos v. United States,* 273 F.
3d 506 (2d Cir. 2001). Thus, it is of no significance that
defendant's grounds for appeal arose after her execution of the
plea agreement and her waiver of her right to appeal.

Even if defendant's waiver did not now preclude appeal, her
motion would still fail. In *United States v. Malcolm*, 432 F.2d
809, 815 (2d Cir. 1970), the Second Circuit Court of Appeals
stated that "material false assumptions as to any facts relevant
to sentencing, renders the entire sentencing procedure invalid as
a violation of due process." However, in this case, neither the
Court nor Hay entertained any "material false assumptions."
Although the Court agreed to recommend the Boot Camp, the Court
specifically noted that placement in the Boot Camp was at the
discretion of the Bureau of Prisons. Moreover, the Court
expressly considered the possibility that defendant would not be
accepted into the Boot Camp and would thus have to serve the full
30 month sentence. Despite this, the Court chose not to depart

downward further because the Court believed that the 30 month sentence was appropriate in this case given the seriousness of the offense and the need for deterrence. Hay's petition for re-sentencing must therefore be denied.

To the extent Hay's petition seeks transfer to home confinement or to a halfway house, this Court lacks jurisdiction to adjudicate such a petition. "A petitioner seeking to challenge the legality of the *imposition* of a sentence by a court may [ ] make a claim pursuant to Section 2255.... A challenge to the *execution* of a sentence, however, is properly filed pursuant to Section 2241." *Chambers v. U.S.*, 106 F.3d 472, 474 (2d Cir. 1997). The portion of Hay's petition seeking transfer to home confinement or a halfway house must therefore be construed as a petition filed pursuant to § 2241. The proper respondent for a § 2241 petition is the warden of the prison where petitioner is being held. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

However, jurisdiction to hear § 2241 petitions lies only with the district court of the district in which the petitioner is confined. 28 U.S.C. § 2241(a) provides, in relevant part, that "[w]rits...may be granted by...district courts...within their respective jurisdictions." The United States Supreme Court clarified this jurisdictional grant in *Rumsfeld v. Padilla*, stating, "jurisdiction lies in only one district: the district of confinement." 542 U.S. at 443. The *Padilla* court, in holding that

jurisdiction lies only in the district of confinement, reasoned
that when Congress intended for more than one district court to
retain jurisdiction over a habeas petition, it "fashion[ed]
explicit exceptions." *Id*. at 444. For example, 28 U.S.C. §
2241(d) states:

> Where an application for a writ of habeas corpus is made
> by a person in custody under the judgment and sentence of
> a State court of a State which contains two or more
> Federal judicial districts, the application may be filed
> in the district court for the district wherein such person
> is in custody or in the district court for the district
> within which the State court was held which convicted and
> sentenced him and each of such district courts shall have
> concurrent jurisdiction to entertain the application. The
> district court for the district wherein such an
> application is filed in the exercise of its discretion and
> in furtherance of justice may transfer the application to
> the other district court for hearing and determination.

"Similarly, until Congress directed federal criminal prisoners to
file certain postconviction petitions in the sentencing courts by
adding § 2255 to the habeas statute, federal prisoners could
litigate such collateral attacks only in the district of
confinement." 542 U.S. at 444. "Both of these provisions would
have been unnecessary if, as the Court of Appeals believed,
§ 2241's general habeas provisions permit a prisoner to file
outside the district of confinement." *Id*. The Court stated that
when a habeas petition is filed with a court lacking
jurisdiction, that court may transfer the petition to the
appropriate court. *Id*.

Neither of the "explicit" exceptions applies to Hay's petition for transfer, and Hay is confined within the District of Connecticut.  Thus, this Court lacks jurisdiction to hear the petition to transfer, and that portion of the petition must be transferred to the United States District Court for the District of Connecticut.  *See, e.g., Kahn v. Ashcroft*, 2004 WL 1888749 (E.D.N.Y. 2004) (transferring a § 2241 petition to the district of confinement pursuant to *Padilla*).

## CONCLUSION

For the reasons set forth above, defendant's motion for re-sentencing is denied, and her motion for transfer is itself ordered transferred to the United States District Court for the District of Connecticut.

The clerk is directed to transmit a copy of the within to all parties.

SO ORDERED.

Dated :   Brooklyn, New York
          March 29, 2006


                    By: /s/ Charles P. Sifton (electronically signed)
                        United States District Judge